IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANK A. ALVEY,**

      **Petitioner,**

v.                                                                          No. CIV-06-0289 RB/LAM

**HON. EUGENIO MATHIS,**
**NEW MEXICO ATTORNEY GENERAL,**

      **Respondents.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Petitioner's ***Application For Writ of Mandamus (Doc. 1)***. Petitioner is incarcerated, appearing *pro se*, and proceeding *in forma pauperis*. For the reasons below, the petition will be dismissed.

A mandamus proceeding is a civil action for purposes of review under § 1915(e)(2). *See Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997). The Court has the discretion to dismiss an *in forma pauperis* petition *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a petition *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the [petitioner] could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir.

1991)). In reviewing Petitioner's *pro se* petition, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The petition alleges that Respondent Mathis has denied Petitioner's motions for production of certain records in a state court criminal proceeding. *Application for Writ of Mandamus, Doc. 1* at 1-2. Petitioner asserts he needs these records in order to pursue post-conviction relief. *Id.* at 6. He asks that Respondent be required to order production of the documents. *Id.* at 10-11.

As a starting point, ". . . federal courts have no authority to issue a writ of mandamus to a state court." *Stewart v. Hill*, No. 00-3287, 2001 WL 326670, at **1 (10th Cir. April 4, 2001) (citing *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992)). The mandamus statute, 28 U.S.C. § 1361, grants this Court the limited power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." 28 U.S.C. § 1361. Respondent is not a person or entity identified in the statute, and the Court has no authority under the statute to consider the relief sought.

Even if the petition were construed as a complaint seeking an injunction, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (plaintiff's pro se characterization of his claims is not dispositive), no relief is available. An injunction may issue under a federal writ statute, *see, e.g., Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994), if the pleading and proof standards for mandamus are met. Petitioner's request for injunctive relief against the state court is barred, however, by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977).

By the express terms of § 2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Further, although Petitioner does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973).  "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act."  *Vendo*, 433 U.S. at 630. Petitioner's petition invokes none of the statutory exceptions and is therefore barred.

**IT IS THEREFORE ORDERED** that Petitioner's ***Application For Writ of Mandamus (Doc. 1)*** is **DISMISSED without prejudice** to his right to pursue his claims in an appropriate forum; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**